Eric R.I. Cottle (EC 3234)
K & L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
E-mail: Eric.Cottle@klgates.com
Attorneys for Defendant Crane Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| SUSAN CUOMO, Individually and as Administratrix for the Estate of JOSEPH CUOMO, <br><br> Plaintiff(s), <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to BUFFALO PUMPS, INC., et al., <br><br> Defendants. | Docket No.: <br><br> **DEFENDANT CRANE CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442 AND 1446.** |

-----------------------------------------------------------x

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
      DISTRICT OF NEW YORK

### CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Crane Co. provides the following short and plain statement of the grounds for removal:

### BACKGROUND

1.   On or about November 28, 2012, Plaintiffs initiated a civil action entitled, SUSAN CUOMO, Individually and as Administratrix of the Estate of JOSEPH CUOMO v. AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to BUFFALO PUMPS, INC.,

et al., Index No. 190549-12, in the Supreme Court of New York, County of New York. A copy of the Complaint is attached hereto as Exhibit 1.

2. The Complaint alleges that Mr. Cuomo was exposed to asbestos-containing products from 1974 through 1978 while serving in the United States Navy aboard the USS Ponce and USS Coontz and while working as a quarter master at Brooklyn Navy Yard, Charleston Naval Shipyard and Norfolk Naval Shipyard. Plaintiffs also allege that Mr. Cuomo was exposed to asbestos from his work at Peerless Photo from 1982 to 1984. The Complaint does not contain any specific allegations regarding how or at what which of the various worksites Mr. Cuomo is alleging exposure to Crane Co. products. See Exhibit 1, Plaintiffs' Initial Fact Sheet.

3. On December 14, 2012, Crane Co. was served with the Complaint.

4. Crane Co.'s Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this Notice of Removal within thirty (30) days of receipt, through service, of a copy of the Complaint. The Complaint alerted Crane Co. that the action was removable – i.e., that Plaintiffs' claims against Crane Co. involved equipment specifically designed and manufactured in accordance with specifications by and under control of the Navy.

5. Removal to the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Supreme Court of New York, County of New York, which is located within the jurisdiction of this District.

**FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)**

6. Removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the

direction of a federal officer. Removal is appropriate under this provision, where the removing defendant establishes that:

(1) the defendant is a person under the statute;

(2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct;

(3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and

(4) the defendant has raised a colorable defense based upon federal law.

See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). A "person" includes a corporation. See Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998); Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992). Crane Co. meets all four elements and therefore is entitled to remove this action pursuant to the federal officer removal statute.

7. With respect to the second element for federal officer removal, Crane Co. was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its valves for and to the Navy. Crane Co. valves were designed and manufactured pursuant to precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached hereto as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached hereto as Exhibit 3. Since the 1950's, the Navy issued Military Specifications (MILSPECs) for various equipment, including valves of the type manufactured by Crane Co., and certain MILSPECs required that internal gaskets in the valves be "asbestos sheet gaskets." Sargent Aff., at ¶¶ 26-27, and 32. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. Unless Crane Co. equipment was first determined to be in conformity with all applicable Navy specifications, it could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct

and detailed control over the design and manufacture of Crane Co. valves, Crane Co. has met this element.

8. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. valves detailed above, there exists a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element. Winters, 149 F.3d at 400 (holding, in a product liability context, the causal nexus test is met when the government (1) provided specifications for product composition, warnings and delivery, (2) compelled the defendant's manufacture of the product, and (3) supervised the defendant's actions). Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

9. With respect to the fourth element, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiffs' claims. As set forth in the product liability/design defect context by the Supreme Court of the United States in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. See e.g. Hagen v. Benjamin Foster, 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010) (finding that removal is appropriate under § 1442(a)(1) when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense."); Ruppel v. CBS Corp., --- F.3d ----, 2012 WL 5971242 (7th Cir. 2012).[1]

---

[1] Consistent with its decision in Hagen, the MDL-875 Court denied motions to remand on nearly identical facts as presented here. See e.g., In re Asbestos Products Liability Litig. (No. VI), 2011 WL 925414, at *4-6 (E.D. Pa. 2011); Stone v. Various Defendants, No. 2:09-cv-93726-ER, at 3

10. At this stage, Crane Co. is not required to "virtually win [its] case" to remove the action, merely to show that its federal defense has some basis in law and fact. Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Mesa, 489 U.S. at 128; Fung, 816 F. Supp. at 573.

11. Pursuant to the government contractor defense, Crane Co. cannot be liable under state law for any injuries caused by Crane Co. valves (or any other products) aboard a Navy ship. As detailed above, the Navy provided Crane Co. with precise specifications regarding its valves and Crane Co. delivered valves that conformed to those specifications. Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. See Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached hereto as Exhibit 4. Dr. Forman further testified, he has "not located a single instance in which the Navy, at any time period relevant to this case, instructed or permitted a supplier of equipment, such as valves, to a vessel or facility to affix or provide any asbestos-related warning with its equipment." Forman Aff., at ¶¶ 62-73. Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

12. Nevertheless, in the past, asbestos plaintiffs have sought to avoid removal to federal court in circumstances like these by relying upon opinions that address the government

---

n.1 (E.D. Pa. 2011); Neubrand v. Various Defendants, No. 2:10-78901, at 2-3 n.1 (E.D. Pa. 2011); Rabovsky v. Air & Liquid Systems, No. 10-3202 (E.D. Pa. 2011); Constantinides v. Alfa Laval, No. 09-70613 (E.D. Pa. 2011); Floyd v. Air & Liquid Systems, No. 10-69379 (E.D. Pa. 2011). Other district courts that recently analyzed similar claims have consistently denied remands. Leite v. Crane Co., CV No. 11-00636, 2012 WL 1277222 (D. Haw. 2012) (appeal pending); Thompson v. Crane Co., CV No. 11-00638, 2012 WL 1344453 (D. Haw. 2012) (appeal pending); Brantley v. Borg-Warner Morse Tec, Inc, et al., CV No. 3:12cv540 (S.D. Cal. May 3, 2012); Vedros v. Northrop Grumman Shipbuilding, Inc., 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012).

contractor defense in the context of strict liability/failure-to-warn claims. The United States Court of Appeals for the Ninth Circuit issued its opinion in Getz v. The Boeing Company, which rejects such a narrowed application of the government contractor defense in failure to warn claims. Getz v. The Boeing Co., 654 F.3d 852, 867 (9th Cir. Aug. 2, 2011) (rejecting the notion that In re Hawaii Fed. Asbestos Cases, 960 F.2d 806 (9th Cir. 1992) requires a government prohibition of warnings and holding that to limit a failure to warn government contractor defense "to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the [Supreme] Court's decision in Boyle"). Federal courts have unanimously held that the government contractor defense applies to product liability claims based upon a failure to warn theory. See, e.g., Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003-04 (7th Cir. 1996) (holding that "[i]t is well established that the government contractor defense articulated by the Supreme Court in Boyle may operate to defeat a state failure-to-warn claim"); Hagen, 739 F. Supp. 2d 770, 783 (holding that "courts have recognized the [government contractor] defense's applicability to failure to warn claims"); Faddish v. General Electric Co., 2010 WL 4146108, at *7 (E.D. Pa. Oct. 20, 2010) ("It is now well established that the government contractor defense is not limited to design defect causes of action, but also applies to failure to warn claims."); Kerstetter v. Pacific Scientific Co., 210 F.3d 431, 438 (5th Cir. 2000); O'Connell v. Foster Wheeler Energy Corp., 544 F. Supp. 2d 51, 54 (D. Mass. 2008).

13.     Given the proof of significant Navy control over the warnings in conjunction with the Navy's significant knowledge of asbestos hazards, Crane Co. has established a colorable government contractor defense to Plaintiffs' failure-to-warn and design-defect claims.

14. Federal officer removal should be interpreted broadly. <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1253 (9th Cir. 2006) (holding that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute"). Indeed, the United States Supreme Court has held that "the right of removal is absolute for conduct performed under color of federal office" such that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242 (U.S. 1981) (marks omitted); <u>Camacho v. Autoridad de Telefonos de Puerto Rico</u>, 868 F.2d 482, 487 (1st Cir. 1989); <u>Harris v. Rapid Am. Corp.</u>, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007); <u>Hagen</u>, 739 F. Supp. 2d at 783 ("For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it.")

15. Crane Co. is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). See <u>Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.</u>, 644 F.2d 1310, 1314 (9th Cir. 1981); <u>see</u> also <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1034 (10th Cir. 1998).

16. If Plaintiffs file a motion to remand this action, Crane Co. respectfully requests an opportunity to respond more fully in a supplemental memorandum.

17. As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Supreme Court of the State of New York, County of New York, concurrently with the filing of this Notice of Removal, and will serve the same on counsel of

record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached hereto as Exhibit 5.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
       January 11, 2013

Respectfully submitted,

CRANE CO.
By its attorneys,

_____
Eric R.I. Cottle
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: Eric.Cottle@klgates.com
Phone: (212) 536-3900
Fax: (212) 536-3901

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of Defendant Crane Co.'s ("Crane Co."), Notice of Removal, Civil Cover Sheet, Notice of Filing of Notice of Removal to Superior Court and Corporate Disclosure was served on plaintiffs' counsel on January 11, 2013 via Federal Express at the following address:

> Weitz & Luxenberg, PC
> 700 Broadway
> New York, New York 10003

I further certify that true and correct copies of Defendant Crane Co.'s ("Crane Co."), Notice of Removal, Civil Cover Sheet, Notice of Filing of Notice of Removal to Superior Court and Corporate Disclosure was served on all defense counsel of record as identified on the attached service rider via regular mail on January 11, 2013 and is available for viewing and downloading from the Court's ECF system.

_____
Eric R.I. Cottle, Esq.
Attorney for Defendant
Crane Co.

# JOSEPH CUOMO

# SERVICE RIDER

# INDEX NO. 190549-12

| Counsel | Attorneys for: |
|---|---|
| Edward Wilbraham, Esq.<br>WILBRAHAM LAWLER & BUBA<br>140 Broadway, 46th Floor<br>New York, New York 10005 | Air & Liquid Systems Corporation as successor by merger to Buffalo Pumps, Inc. |
| Jennifer W. Darger, Esq.<br>Judith Yavitz, Esq.<br>DARGER ERRANTE YAVITZ & BLAU LLP<br>116 East 27th Street<br>New York, NY 10016 | Union Carbide Corporation<br>Amchem Products, Inc., n/k/a Rhone Poulenc AG Company, n/k/a Bayer Cropscience Inc. |
| Chris Gannon, Esq.<br>Theodore M. Eder, Esq.<br>Robert R. Rigolosi, Esq.<br>SEGAL, MCCAMBRIDGE, SINGER<br>  & MAHONEY, LTD.<br>850 Third Avenue, Suite 1100<br>New York, New York 10022 | BW/IP, Inc.<br>Byron Jackson Pumps<br>Gardner Denver, Inc. |
| John J. Fanning, Esq.<br>Raghu N. Bandlamudi<br>CULLEN and DYKMAN LLP<br>44 Wall Street<br>New York, NY 10005 | Goulds Pumps |
| Charles McGivney, Esq.<br>McGIVNEY & KLUGER, P.C.<br>80 Broad Street, 23rd Floor<br>New York, New York 10004 | Atwood & Morrill Co., Inc.<br>Aurora Pump Company, |
| Christopher Hannan, Esq.<br>KELLEY JASONS MCGOWAN<br>  SPINELLI & HANNA, LLP<br>120 Wall Street, 30th Floor<br>New York, NY 10005 | FMC Corporation on behalf of its former Chicago Pump & Northern Pump Businesses |
| Suzanne Halbardier, Esq.<br>BARRY, MCTIERNAN & MOORE<br>2 Rector Street, 14th Floor<br>New York, New York 10006 | Cleaver Brooks Company, Inc. |
| David Kochman<br>HARRIS BEACH, PLLC<br>100 Wall Street, 23rd Floor<br>New York, NY 10005 | Blackmer |

| | |
|---|---|
| Paul A. Scrudato, Esq.<br>SCHIFF HARDIN LLP<br>666 Fifth Avenue<br>17th floor<br>New York, NY  10103 | Owens-Illinois, Inc. |
| Michael A. Tanenbaum, Esq.<br>Bridget M. Polloway, Esq.<br>SEDGWICK, DETERT, MORAN & ARNOLD, LLP<br>Three Gateway Center, 12th Floor<br>Newark, New Jersey  07102 | Foster Wheeler L.L.C.<br>General Electric Company<br>CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation |
| Joseph Colao, Esq.<br>LEADER & BERKON<br>630 Third Avenue, 17th Floor<br>New York, New York  10017 | IMO Industries, Inc.<br>Warren Pumps, Inc. |
| Amiel Gross, Esq.<br>SNR DENTON US LLP<br>1221 Avenue of the Americas, 23rd Floor<br>New York, New York 10020 | Rapid-American Corporation |
| Rob C. Tonogbanua, Esq.<br>DICKIE MCCAMEY & CHILCOTE, P.C.<br>41 South Haddon Avenue, Suite 5<br>Haddonfield, NJ  08033 | Yarway Corporation |
| Elana L. Danzer, Esq.<br>Norman Senior, Esq.<br>GREENFIELD STEIN & SENIOR, LLP<br>600 Third Avenue, 11th Floor<br>New York, NY 10016 | U.S. Rubber Company |
| Lisa M. Pascarella, Esq.<br>FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP<br>328 Newman Springs Road<br>Red Bank, NJ  07701 | Trane U.S. Inc., f/k/a American Standard Inc.<br>Ingersoll-Rand Company |