UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SUSAN CUOMO, Individually and as
Administratrix for the Estate of JOSEPH
CUOMO,

               Plaintiffs,

- against -

AIR & LIQUID SYSTEMS CORP., et al.,

               Defendants.

------------------------------------------------------------ X

OPINION AND ORDER

13 Civ. 273 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/13

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        On January 11, 2013, defendant Crane Co. ("Crane") removed this asbestos-related tort action to this Court, invoking the federal officer removal statute, section 1442(a)(1) of Title 28 of the United States Code. Plaintiffs Joseph and Susan Cuomo now move to remand the suit to state court. For the reasons set forth below, the Cuomos' motion is granted.

II.    BACKGROUND

        Susan and Joseph Cuomo, brought this action in New York state court

1

on November 28, 2012.¹  Joseph Cuomo, now deceased, served in the United States Navy aboard the USS Ponce and USS Coontz as a quarter master from 1974 through 1980.²  On December 30, 2009, Joseph was diagnosed with lung cancer.³  The Cuomos assert that defendants are liable to them for failing to warn Joseph about the dangers of absestos exposure.⁴  In response, Crane asserts a federal contractor defense which — when properly raised — allows removal to federal court.⁵  The case was removed to this Court on January 11, 2013 pursuant to the federal officer removal statute.⁶

On August 9, 2013, the Cuomos filed the instant motion to remand, asking that the case be remanded to state court because Crane lacks a colorable

---

¹ *See* 08/09/13 Plaintiff's Memorandum in Support of Motion to Remand ("Pl. Mem."), at 1.

² *See id*.

³ *See* Plaintiff's Initial Fact Sheet ¶ 9.

⁴ *See* Pl. Mem. at 1.

⁵ *See* 08/30/13 Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand ("Def. Mem."), at 1.  Federal officer removal is warranted where the defendant: (1) establishes that it is a "person" under the § 1442(a)(1); (2) raises a colorable federal defense; and (3) it was "acting under" a federal officer. *See In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

⁶ *See* Pl. Mem. at 1;  28 U.S.C. § 1442(a)(1).

federal contractor defense.[7]  The Cuomos argue that: (1) there is no evidence that the Navy prohibited Crane from warning about the asbestos in its product, and therefore nothing prevented Crane from complying with both state law warnings requirements and Navy specifications; and (2) Crane did not attempt to warn the Navy of the dangers of asbestos, nor did the Navy possess knowledge of the dangers of asbestos during the time period of Joseph's exposure.[8]

Crane responds that the Navy need not have precluded it from giving warnings in order to raise a colorable federal contractor defense.[9]  Alternatively, it argues that the Navy's specifications did in fact preclude Crane from supplying the state law warnings and it should be permitted to prove this at trial.[10]  Finally, Crane contends that the declaration of its expert — Dr. Samuel A. Forman — establishes that the Navy was aware of the hazards of asbestos.[11]

### III. APPLICABLE LAW

#### A. Federal Officer Removal

The well-pleaded complaint rule dictates that a defendant may remove

---

[7]   *See* Pl. Mem. at 6.

[8]   *See id*. at 7, 14-15.

[9]   *See* Def. Mem. at 2.

[10]  *See id*. at 6.

[11]  *See id*. at 10.

an action from state court to federal court only if the case could have been filed in federal court in the first instance.[12] Thus federal question jurisdiction may be invoked only "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"[13] Suits against federal officers are an exception to this general rule.[14] "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint . . . if [a] defense depends on federal law."[15]

The federal officer removal statute provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.[16] If the defendant seeking removal is not a federal officer or agency, three conditions must be satisfied for removal to be warranted. *First*, the defendant must show that it is a

---

[12] *See City of Rome v. Verizon Commc'n, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (citation omitted).

[13] *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *Accord Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[14] *See Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). *Accord Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 136 (2d Cir. 2008).

[15] *Jefferson Cnty.*, 527 U.S. at 431.

[16] 28 U.S.C. § 1442(a)(1).

"person" as that term is used in section 1442(a)(1).[17] *Second*, the defendant must offer a colorable federal defense.[18] *Third*, "it must establish that it was 'acting under' a federal officer, which subsumes the existence of a 'causal connection' between the charged conduct and asserted official authority."[19]

While other removal statutes are interpreted narrowly,[20] the Supreme Court has emphasized that "the federal officer removal statute is not narrow or limited."[21] Indeed, "the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'"[22] Nevertheless, the Supreme Court has limited federal officer removal where a defendant claims only that it complied with federal regulations or rules issued by federal regulatory agencies.[23]

---

[17] *See In re MBTE*, 488 F.3d at 124.

[18] *Id.* (citing *Mesa v. California*, 489 U.S. 121, 129 (1989)).

[19] *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

[20] *See California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

[21] *Willingham*, 395 U.S. at 406.

[22] *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham*, 395 U.S. at 407). *Accord Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441.").

[23] *See Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153 (2007) ("A private firm's compliance (or noncompliance) with federal laws, rules, and

B.  **Federal Contractor Defense**

The federal contractor defense, if established, "presents a colorable federal defense in both design defect and failure to warn cases."[24] "The [federal] contractor defense is premised on federal displacement of state law where state law significantly conflicts with the federal interest embodied in the federal government's sovereign immunity for discretionary functions."[25] To show such a conflict, and thus to assert this federal defense, a defendant contractor must satisfy three requirements. *First*, it must demonstrate that "'the United States approved reasonably precise specifications' for the military equipment supplied by the contractor."[26] *Second*, it must show that "'the equipment conformed to those specifications.'"[27] *Third*, the defendant contractor must show that it "'warned the United States about the dangers in the use of the equipment that were known to the

---

regulations does not by itself fall within the scope of the statutory phrase 'acting under' . . . that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.").

[24]  *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Grispo v. Eagle-Picher Indus., Inc.*, 897 F.2d 626, 629 (2d Cir. 1990)).

[25]  *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 839 (2d Cir. 1992) (citing *Boyle*, 487 U.S. at 511).

[26]  *Machnik*, 506 F. Supp. 2d at 102 (quoting *Boyle*, 487 U.S. at 512).

[27]  *Id.* (quoting *Boyle*, 487 U.S. at 512).

[contractor] but not to the United States.'"[28]  In the failure to warn context, the first prong of this test requires a showing that "whatever warnings accompanied the product resulted from a determination of a government official, and thus that the Government itself 'dictated' the content of the warnings meant to accompany the product."[29]

## IV. DISCUSSION

### A.    Party Submissions

#### 1. Crane's Exhibits

In support of removal, Crane attached an affidavit of Admiral David P. Sargent, Jr.[30]  Admiral Sargent served as an engineering officer in the Navy during the relevant time period and assisted in the acceptance of ship designs.[31]  Admiral Sargent states that:

---

[28]    *Id.* (quoting *Boyle*, 487 U.S. at 512).

[29]    *Grispo*, 897 F.2d at 631 (citations omitted).  *Accord Machnik*, 506 F. Supp. 2d at 103 ("To prove the 'reasonably precise specifications' requirement, [the defendant] must show that the government actively participated in creating the specifications for the products and warning labels [defendant] supplied, and that the government imposed these specifications on [defendant].") (citing *In re Agent Orange Prod. Liab. Litig.*, 304 F. Supp. 2d 404, 434 (E.D.N.Y. 2004)).

[30]    *See* 5/07/12 Affidavit of Admiral David P. Sargent, Jr. ("Sargent Aff."), Exhibit ("Ex.") 3 to 1/11/13 Defendant Crane Co.'s Notice of Removal ("Notice of Removal").

[31]    *See id.* ¶¶ 1-4.

>OEMs [Crane Co.] would not have been permitted, under the specifications, associated regulations and procedures, nor under the actual practice as it evolved in the field, to vary or to deviate in any respect form the Navy specifications in . . . affixing any type of warning or caution statement to equipment . . . beyond those specifically required by the Navy without prior discussion and express approval by the Navy.[32]

Crane also attaches the affidavit of Dr. Samuel A. Forman who served in the Navy as a medical officer from 1977 through 1983, and as a civilian employee of the Navy until 1986.[33] Importantly, in 1983, at the request of a Navy JAG officer, Dr. Forman joined a team that investigated the Navy's knowledge of the health hazards of asbestos.[34] Dr. Forman found that as "[a]s early as 1922, the Navy recognized, as exemplified by its instructions to officers published in the Navy Medical Bulletin, the health hazards associated with airborne asbestos dust and the appropriate protective measures to prevent asbestos exposure."[35] Dr.

---

[32]   *Id.* ¶ 58.  The Cuomos have attached those specifications to their brief. *See* "Military Specification: Manual, Technical, For Mechanical and Electical Equipment", Ex. 7 to Pl. Mem.  For example one specification states that "[w]hen necessary, emphatics such as 'NOTE', 'CAUTION', and 'WARNING' shall be used as adjuncts to the text." *Id.* at § 3.3.3.2.  Furthermore, these warnings are to be used whenever there is a "real need." *Id.*

[33]   *See* 5/03/12 Affidavit of Dr. Samuel A. Forman, Ex. 4 to Notice of Removal, ("Forman Aff.") ¶¶ 1-3.

[34]   *See id.* ¶ 9.

[35]   *Id.* ¶ 27.

Forman attests that he had "not located a single instance in which the Navy, at any time during the 1930s through the 1960s, instructed or permitted a supplier of engineering equipment to a vessel or facility to affix or provide any asbestos related warning with its equipment."[36]

### 2. The Cuomos' Exhibits

In support of their motion to remand, the Cuomos have attached their own exhibits. The Cuomos contend that Crane's exhibits show that the manufacturer had discretion as to whether and when to issue a warning regarding the use of asbestos.[37] Their expert, Captain Arnold P. Moore, declares that the Navy "relied heavily upon its manufacturers and vendors to identify hazards associated with their products" and "to provide warnings" for such hazards.[38]

The Cuomos also attach Dr. Forman's deposition testimony in a New York asbestos litigation.[39] In that case, Dr. Forman affirmed that "if a warning on an asbestos product or on a container . . . was consistent with the Navy's understanding of the hazard and how it wished to control the hazard, then it would

---

[36]    *Id.* ¶ 59.

[37]    *See* Pl. Mem. at 12.

[38]    9/08/08 Affidavit of Captain Arnold P. Moore, Ex. 4 to Pl. Mem. ("Moore Aff.") ¶ 11.

[39]    *See* 9/07/12 Deposition of Dr. Samuel A. Forman, Ex. 9 to Pl. Mem.

allow the warning."[40] Dr. Forman admitted that he could not cite a specific example where the Navy denied a manufacturer's proposed warning.[41]

### B. Colorable Federal Defense

The Cuomos assert that Crane failed to raise a colorable federal contractor defense to their claim of failure to warn.[42] Specifically, they contend that the Navy did not *prohibit* Crane from complying with state law warning requirements but allowed Crane to exercise its discretion to identify appropriate warnings.

The federal contractor defense does not require that a defendant show that the federal government actively prohibited the defendant from issuing a warning.[43] However, in a failure to warn case, Crane can assert a colorable defense only if the Navy "dictated the contents of the warnings" to it.[44] Crane has failed to do so.

The Sargent Affidavit states that the Navy exercised control over the wording of proposed manufacturer warnings, including "word-by-word line

---

[40] *Id*. at 57-58.

[41] *See id*. at 59-60.

[42] *See* Pl. Mem. at 1.

[43] *See Grispo*, 897 F.2d at 631.

[44] *Id*.

edits."[45]  However, the Cuomos' evidence clarifies that while the Navy exercised control over specific wording of warnings, it "relied heavily" on manufacturers to identify hazards and provide the substance of those warnings.[46]  Crane has provided no evidence indicating that the Navy either forbid an asbestos warning or actively dictated the substance of any proposed asbestos warning.  Crane fails to "'rebut the obvious inference: that [it] never tried to warn about asbestos at all.'"[47]

If "the government was silent as to whether or not [a defendant is] permitted to warn, or that there was no discussion about the content of the warnings," then there can be no significant conflict between federal and state policy.[48]  Thus, Crane has not presented a colorable federal contractor defense for the purpose of federal officer removal.

## V.  CONCLUSION

For the foregoing reasons, the Cuomos' motion to remand this action

---

[45]   Sargent Aff. ¶ 60.

[46]   Moore Aff. ¶ 11.

[47]   *Miranda v. Abex Corp.*, No. 08 Civ. 5509, 2008 WL 4778886, at *3 (S.D.N.Y. Oct. 31, 2008) (quoting *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 202 (D. Mass. 2008)).

[48]   *Id. Accord Hilbert*, 529 F. Supp. at 199 ("If no federal policy is infringed and the contractor had discretion to warn, then the affirmative federal contractor defense must fail.").

to state court is granted. The Clerk of the Court is directed to close this motion (Dkt. No. # 38) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

**Dated:** New York, New York
November 1, 2013

-**Appearances**-

**For Plaintiffs:**

Kyle A. Shamberg, Esq.
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003
(212) 558-5500

**For Defendant:**

Eric R.I. Cottle, Esq.
599 Lexington Avenue
K&L Gates LLP
New York, New York 10022-6030
(212) 536-3900